UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:19-cv-332-VAP-MAA  Date: February 28, 2019

Title: Sixta *vs.* People

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cheryl Wynn | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:
N/A                               N/A

**Proceedings (In Chambers):**     **Order to Show Cause**

On February 21, 2019, Petitioner John Joseph Sixta filed a petition for writ of habeas corpus. ("Petition," ECF No. 1.) Though Petitioner uses the Central District of California's form for petitioners in federal custody, Petitioner alleges he is in the custody of the California state prison system. (*See id.* at 2.) The Petition alleges four grounds for relief: (1) "Ineffective Assistance," (2) "Failure to Counsel / with Defendant," (3) "Failed to Present 'Alibi' Witnesses / and one of the Juror owed [sic] the place where I work at," and (4) "Counsel unprepared to Cross Examine Witness'es [sic]." (*Id.* at 3-4.) The Petition appears to be wholly unexhausted.

Petitioner does not attach any documents to his Petition, but identifies two proceedings in the California state courts related to his direct appeal. The Court takes judicial notice of the dockets and decisions in these cases, California Court of Appeal No. E066082 and California Supreme Court No. S249964. *See* Fed. R. Civ. P. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts).

Petitioner appealed the judgment of conviction in the Superior Court of Riverside County to the California Court of Appeal, arguing two grounds: (1) the Superior Court lacked territorial jurisdiction to convict him on one count that occurred in a federal enclave, and (2) one count was time-barred because the prosecution failed to charge him within a special limitations period. *People v. Sixta*, No. E066082, 2018 Cal. App. Unpub. LEXIS 3892, at *1-2, 2018 WL 2731697, at *1 (Cal. Ct. App. June 7, 2018). As to the first issue, the Court of Appeal reversed the conviction as to the one count; as to the second issue, the Court of Appeal affirmed the conviction on the other count.

*Id.*, 2018 Cal. App. Unpub. LEXIS 3892, at *22-23, 2018 WL 2731697, at *8. The Court of Appeal modified the judgment to reflect a total sentence of 30 years to life. *Id.* Petitioner sought review of the decision in the California Supreme Court. The California Supreme Court denied review. *People v. Sixta*, No. S249964, 2018 Cal. LEXIS 6298, at *1 (Cal. Aug. 15, 2018).

Federal habeas relief generally is unavailable when a petitioner has not exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that a petitioner "fairly present" his federal claims to a state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To satisfy this requirement, a petitioner must describe both the operative facts and the precise federal legal theory on which his claim is based to the California Supreme Court. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). The Court may raise exhaustion issues *sua sponte* and may summarily dismiss on exhaustion grounds. See *Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner's claims appear not to have been exhausted in the state courts. The issues presented in Petitioner's direct appeal do not pertain to the claims he brings in this proceeding. *See People v. Sixta*, 2018 Cal. App. Unpub. LEXIS 3892, at *1-2, 2018 WL 2731697, at *1. Petitioner does not identify any other state-court proceeding in which he has asserted the claims in the Petition.

Consequently, Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition without prejudice for failure to exhaust his claims in state court. Petitioner must respond to this Order to Show Cause no later than **March 27, 2019**. In his response, Petitioner may elect one of the following three options:

(1) <u>Notice of Dismissal</u>. Petitioner may file a notice of dismissal of his Petition. The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) <u>Response to Order to Show Cause</u>. If Petitioner contends that he has exhausted his state court remedies on his federal habeas claims, he may clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.

(3) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (district court has discretion to stay and hold in abeyance, rather than dismiss, a state prisoner's wholly unexhausted federal habeas petition).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277-78.

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

<u>Attachment</u>:
Notice of Dismissal – CV-09

**Initials of Preparer       cw**