UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:19-cv-00332-VAP-MAA　　　　　　　　　　　Date: May 2, 2019

Title: Sixta v. People

---

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

|　Chris Silva　|　N/A　|
|---|---|
|　Deputy Clerk　|　Court Reporter / Recorder　|

Attorneys Present for Plaintiff:　　　　　Attorneys Present for Defendants:
N/A　　　　　　　　　　　　　　　　　　　　　N/A

**Proceedings (In Chambers):**　　Third Order to Show Cause Why the Action Should Not Be Dismissed for Failure to Exhaust State Remedies

　　On February 21, 2019, Petitioner John Joseph Sixta filed a petition for writ of habeas corpus. ("Petition," ECF No. 1.) The Petition alleges four grounds for relief: (1) "Ineffective Assistance," (2) "Failure to Counsel / with Defendant," (3) "Failed to Present 'Alibi' Witnesses / and one of the Juror owed [sic] the place where I work at," and (4) "Counsel unprepared to Cross Examine Witness'es [sic]." (*Id.* at 3-4.) Observing that Petitioner did not present these claims in the state court proceedings he identified in the Petition, the Court twice ordered Petitioner to show cause why the Court should not recommend dismissal for failure to exhaust his claims in state court. (*See* ECF Nos. 4, 6.)

　　In a response dated April 22, 2019, Petitioner states that the attorney representing him in his direct appeal advised him that "any such claims [that] could not be raised on direct appeal," including claims he asserts in the instant Petition, "must be file[d] as a petition for a writ of habeas corps [sic]." (ECF No. 7, at 1; *accord id.* at 7 ("In order to bring such a claim, you'd need to file a petition for a writ of habeas corpus. Such a petition is generally not within the scope of my court appointment.").) Later, upon the California Supreme Court's denial of review of Petitioner's direct appeal, the appellate attorney advised Petitioner that his next step would be to file a petition for writ of habeas corpus in the federal court. (*See id.* at 2; *accord id.* at 8 ("[Y]ou can file a federal habeas petition in a federal district court. . . . You can include the due process / statute of limitations issue I raised in your appeal.").)

　　Petitioner argues that he presented all his claims to his appellate attorney, and his attorney advised him that the vehicle in which to bring his claims is a habeas petition. Petitioner avers, "[This] means, as I see it, that I have exhausted my claims at the state level." (*Id.* at 2.)

---

CV-90 (03/15)　　　　　　　　　　　Civil Minutes – General　　　　　　　　　　　Page **1** of **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-cv-00332-VAP-MAA                                        Date:  May 2, 2019

Title:    Sixta v. People

    But Petitioner neither alleges nor shows that he presented the claims in his Petition to any California court, whether by way of an appeal of his criminal conviction or a petition for a writ of habeas corpus.  That is, although Petitioner avers that he presented the claims in his Petition to his appellate attorney, he does not show that he presented those claims to the California Supreme Court.  Petitioner's belief that he exhausted his state-court remedies is not a valid excuse for failure to exhaust.  *See* 28 U.S.C. § 2254(b)(1)(B) (providing the limited circumstances excusing exhaustion).  Accordingly, the Petition still appears to this Court to be wholly unexhausted.

    Petitioner again is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition without prejudice for failure to exhaust his claims in state court.  Petitioner must respond in writing to this Order no later than **May 29, 2019**.  If Petitioner argues that he presented his claims to the California Supreme Court (that is, not just to his appellate attorney), then his written response should attach a copy of his petition for writ of habeas corpus as filed in the California Supreme Court as well as any decision on the petition by the court.  If Petitioner does not argue that he presented his claims to the California Supreme Court, then his written response should state that he has not done so and advise the Court whether he seeks to either (a) voluntarily dismiss this action without prejudice, or (b) request a stay and abeyance of the case in order to pursue his claims in state court.

    Without deciding whether Petitioner may be entitled to a stay and abeyance of this proceeding, Petitioner plausibly could assert that his confusion regarding his appellate attorney's directions amounts to good cause for his failure to exhaust the Petition's claims in the state courts.  If Petitioner so contends, then Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  For this Court to grant a *Rhines* stay, Petitioner must show good cause for his failure to exhaust his unexhausted claims in state court prior to filing his original petition herein.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless, such as by citing the Supreme Court authority upon which he is relying in support of those claims.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277-78.  This Order to Show Cause will be discharged automatically if, instead of a written response, Petitioner files a request for a *Rhines* stay.

    **Petitioner expressly is cautioned that failure to respond to this Order will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and**

**failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

Per Petitioner's request (*see* ECF No. 7, at 2), the Clerk is directed to return the original copy of the document docketed as ECF No. 7 to Petitioner as an attachment to this Order.

It is so ordered.

| | |
|---|---|
| **Time in Court:** | 0:00 |
| **Initials of Preparer:** | CSI |